UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE LAHOOD,

                Plaintiff,

-against-

FRANCENE OPRIHORY, *et al.*,

                Defendants.

22-CV-5236 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff George Lahood, who resides in Bronx, New York, brings this *pro se* action by order to show cause, alleging that Defendants violated his rights in Paramus, New Jersey, in 2021, and in Lyndhurst, New Jersey in 2022. For the following reasons, the Court transfers this action to the United States District Court for the District of New Jersey.

## DISCUSSION

      Under the general venue provision, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

      Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

      Plaintiff alleges, "I HAVE BEEN HUMAN TRAFFICKED BY MY FAMILY MEMBERS, THEN BY GOVERNMENT OFFICIALS, STAFF JUDGES OF THE SUPERIOR COURT OF Nj POLITICIANS AND PATERSON AND MANY MUNICIPALITIES

STEALING MY INVESTMENTS IN PARAMUS HOUSE AND TAX LIENS CERTIFICATES."[1] (ECF No. 2 at 5.) He does not plead the residence of all of the defendants, only asserting that the alleged events giving rise to his claims occurred in Paramus and Lyndhurst, New Jersey. Because it appears that most of the named Defendants are employed in New Jersey and the alleged events occurred in New Jersey, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Paramus and Lyndhurst, New Jersey, which are in the District of New Jersey. *See* 28 U.S.C. § 110. Accordingly, venue lies in the District of New Jersey, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the District of New Jersey, 28 U.S.C. § 1406(a).[2]

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. Whether Plaintiff should be permitted to proceed further without

---

[1] The Court quotes the complaint verbatim. All capitalization and all errors are in the original.

[2] On July 8, 2008, Plaintiff filed 12 cases in the District of New Jersey, all of which were dismissed for lack of jurisdiction, for failure to state a claim on which relief may be granted, or because they were frivolous or malicious. *See Lahood v. Griffith*, 08-CV-3388 (DRD) (D.N.J. July 8, 2008). Additionally, during the period from August 23, 1993, to November 7, 2005, Plaintiff filed 19 complaints in New Jersey, all of which were dismissed. *Id.* Because Plaintiff was placing an intolerable burden on that court and its Clerk's Office, the District of New Jersey directed that their Clerk's Office accept for filing no further pleadings from Plaintiff unless a judge of that court reviewed the proposed pleading and authorized the Clerk of Court to file it. *Id.*

prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 23, 2022
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge